LaWall agt. Grigg.

---

## SUPREME COURT.

### LaWall agt. Grigg.

The mode of reviewing reports of referees upon the whole issues, in causes referred before the Code (the report made afterwards), is by motion, at special term, to set aside the report agreeable to the requirements of the 44th Rule of 1847, and the former practice.

*New York General Term, October* 1850. Edmonds, *Pres. J.* Edwards and Mitchell, *Justices.* This suit was pending when the Code was enacted and was referred agreeable to the former practice. In May 1850, the referees reported in favor of the defendant and judgment was perfected thereon on the 21st of May. On the 5th of June, and within the thirty days provided

La Wall agt. Grigg.

by the Code, the plaintiff gave notice of an appeal to the general term and filed an undertaking. The papers did not disclose whether the appeal was on questions of law or of fact, though on the argument, it was averred that the latter were involved.

——— TREADWELL, *for Defendant*, moves to set aside the appeal.
——— PINCKNEY, *Contra.*

By the Court, EDMONDS, *Pres. J.*—The mode of reviewing the report of referees in a suit at law pending when the Code of Practice went into effect is in conformity with the former practice, namely by a motion to set aside the report, conducted agreeably to the rules adopted by the court in July 1847. Section 272 of the Code, which provides for an appeal or rehearing, is not made applicable to old suits; and section 6 of the act supplementary to the Code, which also gives an appeal, is applicable only to suits in equity pending when that act took effect. The present 24th rule of court is not applicable to such a case, but the 92d rule is, and that declares that all actions pending on the 12th of April, 1848, may be conducted according to the rules adopted in July 1847.

Even section 278 of the Code, which requires the judgment to be entered in the first instance on the decision of a single judge, is not made applicable to such a case as this; but our 30th rule, defining what are enumerated or non enumerated motions, classes this motion among the latter and ordains that it be heard at a special term.

The practice adopted in this case then is wrong. An appeal does not lie, but the mode of review, it being a suit pending when the Code took effect, is by a motion to set aside the report of the referees agreeable to the requirements of the 44th Law Rule of 1847, which motion must be heard in the first instance at a special term, under the 30th rule.

The counsel have doubtless been misled by the general nature of the language used in the present 24th rule, and he has misapprehended the purport of it.

It is so general in its terms as to convey the idea that in all cases where the whole issues have been referred the case must be

brought on to a hearing at a general term. But it is to be taken in subordination to the enactments of the statute, and section 348 of the Code allows only questions of law to be taken before the general term for review, so that the language of the 24th rule which directs that the case shall be reheard only on appeal at a general term is necessarily confined to cases which raise questions of law. Where a review is sought upon questions of fact, that part of the rule is not applicable.

I repeat, however, that that rule has nothing to do with this case. The new mode of reviewing reports of referees by appeal or rehearing, not having been made applicable to prior existing suits, the appeal in this case was wrong and it must be dismissed, but without costs and without prejudice to a motion to set the report aside.